# BOLIN *v.* SLINGLUFF.

### PATENTS; INTERFERENCE; AMENDMENT.

1. No additional burden of proof is cast upon the junior party by the inadvertent issue of a patent to the senior party, while the two applications are copending.

2. In an interference involving means for drawing glass cylinders in the art of producing window or other sheet glass, where the issue requires that the cylinder be drawn from the "body of the molten glass," an apparatus constituting the alleged reduction to practice, in which the cylinders are drawn from extensions or supplementary tanks of the same depth as the main tank, and so connected with it as to utilize the heat therein in maintaining the glass in the extensions at the proper temperature, is within the terms of the issue.

3. An award of priority, concurred in by all the tribunals of the Patent Office, will not be disturbed on appeal, unless error is clearly apparent.

4. If no particular type of blow pipe and operating mechanism is called for by the issue in an interference involving drawing glass articles

from a mass of molten glass, a conventional construction of blow pipe and operating mechanism may be shown by amendment.

No. 765. Patent Appeals. Submitted May 15, 1912. Decided May 30, 1912.

HEARING on an appeal from the decision of the Commissioner of Patents in an interference case. *Affirmed.*

The facts are stated in the opinion.

*Mr. H. M. Seymour* and *Mr. D. W. Bright* for the appellant.

*Mr. Paul Synnestvedt* and *Mr. James C. Bradley* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding. The tribunals below were unanimous in awarding judgment of priority to appellee.

The invention in issue relates to means for drawing glass cylinders in the art of producing window or other sheet glass. It is defined in the following count, which originated in appellant's application:

"Apparatus for drawing glass articles from a mass of molten glass, comprising a glass tank containing the molten glass, a refractory body having an opening therethrough, mechanism supporting said body for movement with relation to the body of the glass in said tank, a blow pipe, mechanism constructed and arranged to support and lower said blow pipe into the body of the molten glass in said tank through said opening in said refractory body, and to draw said blow pipe upward therefrom in the drawing process, and means to supply a blast of air through said blow pipe during the drawing process."

On August 12, 1907, appellant filed his application here in interference, upon which a patent was issued May 4, 1909. Appellee is the junior party, not having filed his application

until December 3, 1907. It will be seen that appellant's patent was issued inadvertently, since the two applications were copending; hence, no additional burden is cast upon appellee by reason of such issuance. Appellee took testimony to establish conception and reduction to practice prior to appellant's filing date, upon which he alone relies.

Appellee's testimony shows that in the apparatus which he claims constituted a reduction to practice, the cylinders were drawn from extensions or supplementary tanks, and not from the main body of the molten glass, as is contemplated in the applications before us. It is contended by counsel for appellant that, if the issue be construed to embrace this alleged reduction to practice, it is unpatentable in view of the prior art, and therefore it should be limited to the construction shown in the interfering applications. We cannot agree with this contention. In the earlier processes, the cylinders were drawn from shallow pots or pans containing but a small quantity of glass, usually just enough for a single drawing, the glass for each drawing being ladled from the melting furnace and poured into the pot. These pots were commonly called "dog-houses." Great difficulty was experienced in maintaining the glass in these shallow pools at the proper temperature, and the purpose of the invention in issue is to obviate this difficulty. It does so by drawing the cylinders from the main body of the molten glass, while appellee, in the device upon which he relies for reduction to practice, drew from side extensions of the main tank. These extensions, however, were of the same depth as the main tank, and were so connected with it as to utilize the heat therein in maintaining the glass in the extensions at the proper temperature. The result accomplished is the same in both devices. The issue merely requires that the cylinder be drawn from the "body of the molten glass." We have been cited to nothing in the prior art which limits this expression to the specific construction shown in the applications, since the prior patents all disclose no more than means for drawing from a shallow pan. The tribunals below were correct in holding that appellee's earlier device was substantially the same as that dis-

closed in his application, and therefore comes within the terms of the issue.

Appellant's second contention is that appellee's proofs show that the apparatus upon which he relies for reduction to practice is one disclosed by an earlier patent granted to him, and not by the application here in controversy.   After a careful review of the testimony, we believe that appellee has fully proved his right to the award of priority, especially in view of the unanimous decisions of the tribunals below in his favor. While it is true that some of the witnesses speak of the use of "dog-houses," it is but fair to assume, when considering the testimony as a whole, that they referred to the extensions above described, and not to the shallow pans which were old in the art.

Appellant also contends that appellee has no right to make the claim in interference, for the reason that the drawings in his application, as originally filed, failed to show "a blow pipe, mechanism constructed and arranged to support and lower said blow pipe in the body of the molten glass in said tank."   Appellee's application, however, contained the following statement: "In Figure 4 I have indicated the lower portion of a cylinder being drawn from the glass within the ring, it being understood that any suitable drawing mechanism may be employed, the drawing being performed by the usual or any desired form of bait, and air or other fluid supplied to the article through the bait or in any other suitable way."   The Primary Examiner permitted appellee, by amendment, to show a conventional construction of bait or blow pipe and operating mechanism.   No particular type of blow pipe and operating mechanism is called for by the issue; hence, this disclosure is sufficient to warrant the insertion of the amendment.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                        *Affirmed.*